

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-31-2003

# Parker v. Royal Oaks Entr Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1494

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

## Recommended Citation

"Parker v. Royal Oaks Entr Inc" (2003). *2003 Decisions.* Paper 18.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/18

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-1494
_____

GERALD B. PARKER,

Appellant

v.

ROYAL OAK ENTERPRISES, INC.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

(Dist. Court No. 00-cv-00363J)
District Court Judge: Hon. Terrence F. McVerry

_____

Submitted Under Third Circuit LAR 34.1(a)
December 4, 2003

Before: SLOVITER and ALITO, <u>Circuit Judges</u>, and OBERDORFER,[*] <u>District Judge</u>.

(Opinion Filed: December 29, 2003)

_____

OPINION OF THE COURT
_____

---

[*] The Honorable Louis F. Oberdorfer, Senior District Judge for the District of Columbia, sitting by designation.

ALITO, <u>Circuit Judge</u>:

This appeal arises from a grant of summary judgment against Gerald B. Parker in his lawsuit filed under the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. § 621 <u>et seq.</u>, against his former employer, Royal Oak Enterprises, Inc. ("Royal Oak"). Parker alleges age discrimination resulting in his forced retirement; however, his original filing with the Equal Employment Opportunity Commission ("EEOC") occurred 316 days after the accrual of his claim. Parker argues that the 300-day time limit for filing with the EEOC should be equitably tolled, but we agree with the District Court that the evidence is insufficient to establish a basis for equitable tolling. We therefore affirm.

**I.**

At the time of his retirement, Parker had been employed by Royal Oak as an activated carbon salesman for 23 years and was 65 years of age. In January of 1998, Royal Oak hired Todd Swearingen, age 31, to sell activated carbon. In May or June of 1999, Parker's supervisor, Randall Beech, a General Manager, spoke to Parker by telephone and advised him that he would have to retire by the end of the year. Parker expressed disappointment concerning the decision and, according to Parker, Beech implied or suggested that there was a possibility that the company would retain him as a consultant, as it had for some other employees. In September of 1999, Parker spoke with Beech, concerning the possibility of consulting, but Beech stated that he would need to check with other superiors. Neither party initiated any future discussions concerning

consulting. Parker retired in December of 1999 on seemingly amicable terms after Royal Oak gave him a retirement party and a Ford Explorer.

On May 11, 2000, Parker filed a charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued Parker a Dismissal and Notice of Rights, notifying him: "Your charge was not timely filed with the Commission, i.e., you waited too long after the date(s) of the discrimination you allege to file your charge."

In December 2000, Parker initiated this action in the United States District Court for the Western District of Pennsylvania. After completion of discovery, the District Court granted Royal Oak's motion for summary judgment. In granting the motion, the District Court held that Parker had filed his charge outside of the 300-day period for filing an EEOC charge and that Parker had presented no evidence to justify equitable tolling. Parker appealed. Parker contends that the District Court erred in refusing to apply the doctrine of equitable tolling. Royal Oak defends the decision of the District Court and also argues that it was entitled to summary judgment on the alternative ground that Parker did not rebut its asserted reasons for his termination, namely, that the company had no need for two activated charcoal salesmen and that Swearingen was paid less and lived closer to the company's operations in Florida.

**II.**

We exercise plenary review over a District Court's grant of summary judgment,

and we therefore apply the same legal standards applied by the District Court. <u>Gruber v. Hubbard Bert Karle Weber, Inc.</u>, 159 F.3d 780, 786, (3rd Cir. 1998). In evaluating Royal Oak's motion for summary judgment, we must view the evidence in the light most favorable to Parker and must then decide whether the evidence is sufficient to support a judgment against Royal Oak. <u>See</u> FED. R. CIV. P. 56; <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). Although we must review the record in the light most favorable to Parker and must give him the benefit of all *reasonable* inferences, reversal of the District Court would require this Court to make a series of *unreasonable* inferences that are not supported by the record.

### III.

In a deferral state, such as Pennsylvania, a plaintiff is required to file an ADEA charge of discrimination with the EEOC "within 300 days after the alleged unlawful employment practice occurred." 29 U.S.C. § 626(d)(2); <u>Watson v. Eastman Kodak Co.</u>, 235 F.3d 851, 854 (3d Cir. 2000). Here, there is no dispute that Parker did not file with the EEOC within this time period. The record shows that, some time in May or June of 1999, Royal Oak unequivocally advised Parker that he would have to retire on December 31, 1999. Viewing the record in the light most favorable to Parker, the District Court properly used June 30, 1999, as the most generous starting date for purposes of calculating the number of days that transpired before Parker filed his ADEA claim with the EEOC. Parker filed his claim with the EEOC in the form of a questionnaire on May

11, 2000, 316 days after the limitations period started.  Consequently, Parker's filing was untimely.

Parker contends, however, that the running of the 300-day period should be equitably tolled until his actual retirement date or least until the last date on which Beech represented to him that he was checking on possibility of a consulting position.  Appellant's Br. at 13.   We do not agree.

Although the time limitation for filing with the EEOC may be equitably tolled, the doctrine of equitable tolling is to be applied "sparingly."  National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002).  We have identified three "principal" occasions when the doctrine "may" be appropriate:

> (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action;
>
> (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or
>
> (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum

Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994).  Parker bears the burden of proof to establish that the equitable tolling doctrine applies here.  Courtney v. La Salle University, 124 F.3d 499, 505 (3d Cir. 1997) (citing Ross v. Buckeye Cellulose Corp., 980 F.2d 648, 661 (11th Cir.1993) (plaintiffs have burden of establishing equitable tolling in Title VII cases)).

No facts of record support an inference that any of these theories applies in this

case. The first and third theories are plainly inapplicable because Parker does not allege that Royal Oak actively misled him respecting his cause of action, and Parker did not timely assert his rights in the wrong forum. As for the second theory, while Parker alleges that he was dissuaded from filing with the EEOC while he held out the hope of obtaining a consulting position with Royal Oak, there is no evidence that Parker was "in some extraordinary way . . . prevented from asserting his . . . rights." Oshiver, 38 F.3d at 1387. Indeed, when Parker was asked whether Royal Oak had prevented him from talking to the EEOC, he replied, "Heavens, no." App. 81a. He added that Royal Oak had not "told" him not to file with the EEOC or "misled" him. Id. at 80a-81a. The most that Parker claims is that when Beech told him that he would have to retire, Beech "implied" or "suggested" that there was a "possibility" that the company would keep him on as a consultant and that it "had done that with other people." Id. at 77a. Parker argues that he "did not initiate a claim because he wanted the consulting position and felt that litigation would hurt his chances." Appellant's Br. at 4. However, Parker does not explain why he did not file with the EEOC during the more than one hundred days from the date of his actual retirement, when he was aware that "Royal Oak had no intention of offering him a position," id., and he was aware of the expiration of the 300-day period. In any event, the record does not show that Parker was in any "extraordinary way" prevented from asserting his rights. Nor are there any other circumstances that can justify the application of the doctrine of equitable tolling.

**IV.**

For the reasons explained above, the order of the District Court is affirmed.

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

/s/ Samuel A. Alito, Jr.
Circuit Judge